IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHARLES DORMAN, on behalf of himself
and all others similarly situated,   PLAINTIFF

v.   Case No.: 4:17CV088-MPM-JMV

SATELLITES UNLIMITED, LLC,   DEFENDANT

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(COLLECTIVE ACTION COMPLAINT)**

COMES NOW Plaintiff, CHARLES DORMAN, on behalf of himself and all others similarly situated by and through the undersigned attorney, and sues the Defendant, SATELLITES UNLIMITED, LLC, (hereinafter referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. Plaintiff was employed as a Satellite Technician for Defendant and performed related activities at their assigned location in Greenwood, Mississippi.

4. Defendant is an Alabama Corporation which operates and conducts business in the City of Greenwood, Leflore County, Mississippi, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of Greenwood, Leflore County, Mississippi.

## COVERAGE

7. At all material times relevant to this action, 2014 – to the present,[1] Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times relevant to this action, Defendant made gross earnings of at least $500,000 annually.

9. At all material times relevant to this action, Defendant has provided DISH products and services to its clients, and has accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

10. At all material times relevant to this action, Defendant purchases and installs DISH products which are moved, received and shipped through other out-of-state vendors and/or entities (i.e., satellite installation equipment, etc.).

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through the present.

2

11. At all material times relevant to this action, Defendant had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., satellite installation equipment, etc.).

## FACTS

12. Defendant is an organization which provides in-home entertainment and communication services throughout the Southeast for DISH subscribers.

13. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half his regular rate of pay for *all* hours worked in excess of forty (40) hours within a work week.

14. Defendant controlled and/or was responsible for the work of Plaintiff wherein Plaintiff did not take a *bona-fide* meal break and was not completely relieved from his duties, however, periodically received a deduction of approximately one-half hour each day.

15. Defendant knew or had reasons to believe Plaintiff was continuing to work, did not take a *bona-fide* meal break, and was not completely relieved from his duties.

16. Defendant also did not pay Plaintiff for all hours worked in an effort to limit or avoid overtime compensation.

17. Plaintiff worked as a Satellite Technician for Defendant and performed related activities in the Greenwood, Mississippi location.

18. In this capacity, Plaintiff was responsible for picking up equipment needed for installations, and install DISH products and services in customers' homes within a one hundred fifty (150) mile radius of Defendant's Greenwood, Mississippi location.

19. Plaintiff worked for the Defendant from approximately May 10, 2016 through February 17, 2017.

20. Plaintiff was an hourly paid employee and was paid $13.00 per hour, without ever receiving a pay increase.

21. Plaintiff worked overtime hours on a weekly basis throughout his employment.

22. In fact, Plaintiff often worked in excess of fifty (50) hours per week.

23. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for all hours worked over forty (40) hours within a work week during several weeks of employment.

24. Defendant was aware of the overtime hours worked.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff and the class members were all "hourly paid employees."

27. Plaintiff and the class members were all satellite technicians.

28. Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate, but not compensated at time-and-one-half for *all* hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

29. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly paid employees are/were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

30. Defendant subjected all hourly paid employees to an automatic lunch deduction.

31. Defendant also refused to pay all hourly paid employees for all hours worked.

32. As a result, all hourly paid employees did not receive full pay for all overtime hours worked.

33. This policy or practice was applicable to Plaintiff and the class members.

34. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All hourly paid satellite technicians who worked for SATELLITES UNLIMITED, LLC within the last three years whom were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

35. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

36. Defendant was aware that Plaintiff and the other hourly paid employees were entitled to overtime pay for all overtime hours worked and that there was no possible exemption applicable to them.

37. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

38. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods

for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

39. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

40. Defendant has failed to maintain accurate records for Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST SATELLITES UNLIMITED, LLC

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 40 above.

42. Plaintiff and the class members are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

43. During employment with Defendant, Plaintiff and the class members worked overtime hours but were not paid time and one-half the regular rate of pay for the same during several weeks.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class members time and one-half the regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff and the class members have suffered damages plus incurred reasonable attorneys' fees and costs.

45. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff or the class.

6

46. As a result of Defendant's willful violation of the FLSA, Plaintiff and the class are entitled to liquidated damages.

WHEREFORE, Plaintiff, CHARLES DORMAN, on behalf of himself and all others similarly situated demands judgment against SATELLITES UNLIMITED, LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff and the class for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff on behalf of himself and all others similarly situated, hereby demands a trial by jury of all issues so triable.

DATED this the 23rd day of June, 2017.

            Respectfully submitted,

            CHARLES DORMAN, on behalf of himself
            and those similarly situated, PLAINTIFF


            */s/ Christopher W. Espy*
            Christopher W. Espy, Esq., MSB #102424
            MORGAN & MORGAN, PLLC
            4450 Old Canton Road, Suite 200
            Jackson, MS 39211
            Phone: 601-718-2087
            Fax: 601-718-2102
            Email: cespy@forthepeople.com


            ATTORNEY FOR PLAINTIFF